UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

LIDDLE & ROBINSON, LLP.,                              :        08-Cv-
                                                     :
                           Plaintiff,                :        **NOTICE OF FILING OF REMOVAL**
          -against-                                  :        **OF CIVIL ACTION UNDER**
                                                     :        **28 U.S.C. §1441**
ROBERT Y. GARRETT IV AND                             :
JAY F. LUBY                                           :
                           Defendants.               :
                                                     :

----------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants Robert Y. Garrett IV and Jay F. Luby (hereinafter "Defendants") hereby remove to

the United States District Court of the Southern District of New York (the "District Court") the

above-captioned action, pending as Index No. 102172/2008 in the Supreme Court of the State of

New York, County of New York (the "State Court Action"). As grounds for removal, defendants

state as follows:

### Factual Background

1.  On or about February 6, 2008 Plaintiff Liddle & Robinson (the "Plaintiff") filed the State

Court Action. A copy of the Summons, Certificates of Service, and Complaints are attached as

Exhibit A.

2.  Defendant Jay Luby was served when a copy of the Summons and Complaint was left at

his residence on or about February 26, 2008 ("Complaint") by Plaintiff Liddle & Robinson, LLP.

("Plaintiff"). Defendant Robert Garrett was, at the earliest date, served on February 24, 2008 (a

Sunday) by substitute service. In any event, his counsel agreed to accept service of the

Complaint on March 24, 2008. A copy of the Summons and Complaints are attached as Exhibit

A.

3.  The Complaint arises out of Plaintiff's brief and incompetent representation of Defendants in an employment dispute that occurred in 2001.

4.  In its Complaint, Plaintiff has causes of action for: (i) quantum meruit; (ii) breach of contract; and (iii) account stated.  The causes of action are based on New York state law.

5.  Plaintiff is a "limited liability partnership engaged in the practice of law, with its principal place of business at 800 Third Avenue, New York, New York 10022." (Ex. A at ¶ 1).  Plaintiff is a citizen of New York.

6.  Defendant Luby is a citizen of Massachusetts.  Defendant Garrett is a citizen of New Jersey.  Both Defendants Luby and Garrett are citizens of New Jersey.

7.  Because Plaintiff is a resident and citizen of New York and both Defendants are residents and citizens of another State, complete diversity of citizenship exists between all plaintiffs and all defendants.

8.  The allegations relating to Plaintiff's alleged damages are in excess of the $75,000 jurisdictional limitation of 28 U.S.C. §1332.  Plaintiff alleges in the Complaint it is entitled to $38,934.26 plus a 10% contingency of the amount Defendant Garrett recovered in his employment dispute, and Plaintiff alleges that Defendant Luby owes it $13,687.72 plus a 10% contingency of the amount Defendant Luby recovered in his underlying settlement of his employment dispute.  While the settlement amount is covered by a confidential settlement agreement, the damages alleged by Plaintiff would be in excess of the $75,000 jurisdictional requirement of 28 U.S.C. §1332 for each Defendant.

**Procedural Matters**

9.  This removal is timely, as it is made within thirty (30) days of service of the Complaint

on either of the Defendants. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999). Removal is proper to this Court because it is part of the "district and division embracing the place where" the State Court Action was filed- New York County, New York. 28 U.S.C. § 1446(a). All Defendants consent to the removal of this action.

10. Pursuant to 28 U.S.C. § 1446(a) attached as Exhibits A and B are "copies of all process, pleadings, and orders served upon" Defendants. No Answer or other responsive pleading has been filed by either Defendant.

11. A copy of the Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, and is being served on all counsel of record, pursuant to 28 U.S.C. § 1446(d). The New York State Supreme Court, County of New York, is located within this district.

WHEREFORE, Defendants Robert Y. Garrett IV and Jay F. Luby respectfully remove this action, now pending in the New York State Supreme Court, County of New York, to the United States District Court, Southern District of New York.

Dated: New York, New York
　　　March 20 , 2008

Respectfully submitted,

LAW OFFICES OF THOMAS M. MULLANEY

By: _____
　　Thomas M. Mullaney
Attorneys for Defendants
708 Third Avenue, Suite 2500
New York, NY 10017
(212) 223-0800

OF COUNSEL:

CAHILL/WINK LLP
Michael David Schimek
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2105
(646) 378-2025 fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LIDDLE & ROBINSON, LLP.,                      :      08-Cv-

                       Plaintiff,       :      **AFFIRMATION OF SERVICE**

       -against-                        :

ROBERT Y. GARRETT IV AND                  :
JAY F. LUBY                                         :

                Defendants.     :

                                 :

------------------------------------------------------------X

        Thomas M. Mullaney, an attorney admitted to practice law in the courts of the State of New York, a person over eighteen (18) years of age, and not a party to this action, affirms the following under penalties of perjury:

        On March 2( ___, 2008, I caused to be served by regular mail the annexed Notice of Filing of Removal of Civil Action, and Notice of Removal of Civil Action, on the following:

             Liddle & Robinson, LLP
             Jeffrey L. Liddle
             James A. Batson
             800 Third Avenue
             New York, NY 10022
             (212) 687-8500.
             Attorneys for Plaintiff
             Liddle & Robinson, LLP

which is the address designated by said attorneys.

                                        Thomas M. Mullaney

Exhibit A

| | |
|---|---|
| **LIDDLE & ROBINSON, LLP** ) | **Supreme Court of the State of New York** |
| ) | **County of New York** |
| V. ) | Docket/Index # 102172-08 Affidavit of Service |
| ) | |
| **ROBERT Y. GARRETT, IV** ) | |
| ) | |

**State of New Jersey**

                          SS:

**County of Monmouth**

I, **Thomas Carchia** being duly sworn according to law upon my oath, depose and say that I am a citizen of the United States, that I am over the age of eighteen, that I am a competent adult, that I do not have a direct interest in the litigation and that I reside in the State of New Jersey.

That on **February 24, 2008** at **12:40 PM**, deponent served the within named **Summons and Complaint with Exhibits** upon **Robert Y. Garrett, IV**, Defendant. Said service was effected at **339 Rileyville Road, Ringoes, NJ 08551**, in the following manner;

**Substitute Service** by delivering a true copy of each to **Katie Garrett, Daughter**, a competent member of the household of suitable age and discretion then residing therein. That person was also asked by deponent whether said premises was **Robert Y. Garrett, IV's** dwelling place or usual place of abode and their reply was affirmative.

On 2/24/08,  Deponent enclosed a copy of same in a postpaid sealed envelope properly addressed to **Robert Y. Garrett, IV** at his/her last known address at **339 Rileyville Road, Ringoes, NJ 08551** and deposited said envelope in a post office of the United States Postal Service within the State of New Jersey. Said envelope was marked personal and confidential.

**Katie Garrett** is described to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female**  Skin: **White**  Hair: **Black**  Age(Approx): **22**  Ht.(Approx): **5' 6"**  Wt.(Approx): **120-130 lbs**

I **Thomas Carchia** asked, whether **Robert Y. Garrett, IV** was in the military service of the State or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid, deponent avers that **Robert Y. Garrett, IV** is not in the military service of the State or the United States as that term is defined in the statues of the State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on February 25, 2008

_____

J. Michael Pagan, Notary Public of New Jersey
My Commission Expires 4/14/2010

Thomas Carchia, Process Server
Firm Service, Inc.
211 East 43rd Street
Suite 1901
New York, NY 10017
(800) 322-8008

# AFFIDAVIT OF SERVICE

State of New York                    County of New York                              Supreme Court

Index Number: 102172/08
Date Filed: 2/6/2008

Plaintiff:
**Liddle & Robinson, L.L.P.**
vs.
Defendant:
Robert Y. GarretIV and Jay F. Luby

Received by MASS CONSTABLE SERVICE to be served on **JAY F. LUBY, 84 Woodbine Rd., Carlisle , MA 01741.**

I, Edward Beaulieu, being duly sworn, depose and say that on the **26th day of February, 2008 at 11:14 am,** I:

Served a true and attested  copy of the **Summons and Complaint with Exhibits A-D to Jay Luby** in the following manner; by delivering in hand to **Jay Luby.** Said service was made at **84 Woodbine Rd., Carlisle, MA 01741.**

**Description of Person Served:** Age: 45, Sex: M, Race/Skin Color: Caucasian, Height: 5'10", Weight: 185, Hair: Gray,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on the 4th day of
March, 2008 by the affiant who is personally known to
me.

_Bari L. Williams_
NOTARY PUBLIC
BARI L. WILLIAMS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 12, 2014

Edward Beaulieu
Process Server

**MASS CONSTABLE SERVICE**
1004 Pheasant Lane
Middleboro, MA  02346
(508) 946-6914

Our Job Serial Number: 2008000727

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V6.5i

Exhibit B

Page 288

C 104—Summons without Notice. Blank Court, 9-72
Personal Service.

COPYRIGHT 1973 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

**Supreme Court of the State of New York**
**County of New York**

Liddle & Robinson, L.L.P.,

                                                    *Plaintiff*

                    *against*

Robert Y. Garrett IV and Jay F. Luby,

                                                    *Defendant*S

Index No. 102172/08

*Plaintiff designates*
New York
*County as the place of trial*

*The basis of the venue is*
Plaintiff's Residence

**Summons**

*Plaintiff resides at*
800 Third Avenue
New York, NY 10022
*County of*
New York

*To the above named Defendant*

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

*Dated,* February 6, 2008
*Defendant's address:*

Robert Y. Garrett
339 Rileyville Road
Ringoes, NJ 08551

*Attorney(s) for Plaintiff*
*Office and Post Office Address*

James A. Batson, Esq.
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, NY 10022

JBatson@LiddleRobinson.com

NEW YORK
COUNTY CLERKS OFFICE

FEB 06 2008

NOT COMPARED
WITH COPY FILE

C 104— Summons without Notice, Blank Court. 2-73
Personal Service

COPYRIGHT 1973 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

## Supreme Court of the State of New York
## County of New York

Liddle & Robinson, L.L.P.,

*Plaintiff*

against

Robert Y. Garrett IV and Jay F. Luby,

*Defendant*S

**Index No.**

**Plaintiff     designates**

New York

**County as the place of trial**

**The basis of the venue is**

Plaintiff's Residence

**Summons**

**Plaintiff     resides at**
800 Third Avenue
New York, NY 10022

**County of**
New York

To the above named Defendant

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, February 6, 2008
Defendant's address:

Jay F. Luby
84 Woodbine Road
Carlisle, MA 01741

Attorney(s) for Plaintiff
Office and Post Office Address

James A. Batson, Esq.
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, NY 10022

Page 14/38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x
LIDDLE & ROBINSON, L.L.P.,                                    :      Index No. _____
                                Plaintiff,                   :
                                                             :
            -against-                                        :      **COMPLAINT**
                                                             :
ROBERT Y. GARRETT, IV                                        :
JAY F. LUBY,                                                 :
                                                             :
                                Defendants.                  :
--------------------------------------------------------------x

Plaintiff alleges as follows:

1.      Plaintiff, LIDDLE & ROBINSON, L.L.P., is a limited liability partnership
engaged in the practice of law, with its place of business at 800 Third Avenue, New York, New
York 10022.

2.      Upon information and belief, defendant, ROBERT Y. GARRETT, IV.
(GARRETT) resides at 339 Rileyville Road, Ringoes, New Jersey 08551.

3.      Upon information and belief, defendant, JAY F. LUBY (LUBY), resides
at 84 Woodbine Road, Carlisle, Massachusetts 01741.

4.      LIDDLE & ROBINSON, L.L.P. began representing the defendants in
August 2001 in connection with their employment-related dispute with the related entities,

Page 15088

Charles Schwab & Co., Inc., The Charles Schwab Corporation, UST Securities Corp., United States Trust Company of New York, and U.S. Trust Corporation. (The Charles Schwab Corporation was the parent company of Charles Schwab & Co., Inc. and U.S. Trust Corporation. U.S. Trust Corporation was the parent company of UST Securities Corp. and United States Trust Company of New York.)

5.    On September 10, 2001, defendant, LUBY signed a written agreement dated September 6, 2001 with plaintiff.

6.    Under the September 6, 2001 agreement, defendant, LUBY agreed to pay plaintiff, among other things, its hourly fees for the first $20,000 of billings, and at 75% of plaintiff's hourly rates thereafter, with a cap of $48,000 on hourly fees if plaintiff commenced an arbitration or litigation on his behalf, as well as contingency fees on amounts recovered after the commencement of litigation.

7.    On September 11, 2001, defendant GARRETT, signed a written agreement dated September 6, 2001 with plaintiff.

8.    Under the September 6, 2001 agreement, defendant, GARRETT, agreed to pay plaintiff, among other things, its hourly fees for the first $30,000 of billings, and at 75% of plaintiff's hourly rates thereafter, with a cap of $72,000 on hourly fees if plaintiff commenced an arbitration or litigation on his behalf, as well as contingency fees on amounts recovered after the commencement of litigation.

2

9.    On November 16, 2001 agreement, defendant, LUBY, signed a written supplemental agreement dated November 16, 2001 with plaintiff.

10.    Under the November 16, 2001 agreement, defendant, LUBY, agreed to pay plaintiff 10% of all amounts recovered before the commencement of an arbitration or other litigation, with the total of plaintiff's fees under this provision plus plaintiff's hourly fees under the September 6, 2001 agreement not to exceed 15% of the recovery.  The agreement provided that, if plaintiff was due a contingency fee under its terms, "we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work."

11.    On November 23, 2001, defendant, GARRETT, signed a written supplemental agreement dated November 16, 2001 with plaintiff.

12.    Under the November 16, 2001 agreement, defendant, GARRETT, agreed to pay plaintiff 10% of all amounts recovered before the commencement of an arbitration or other litigation with the total of plaintiff's fees under this provision plus plaintiff's hourly fees under the September 6, 2001 agreement not to exceed 15% of the recovery.  The agreement provided that, if plaintiff was due a contingency fee under its terms, "we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the

3

Page: 17/88

number of hours recorded, but only with regard to work they do at our request, or that we agree
has added value or obviated our need to do the same work."

13.    Plaintiff thereafter rendered extensive legal services on defendants' behalf
including, among other things, representing defendants in a mediation, performing legal research
and drafting a statement of claim to commence an arbitration.

14.    Plaintiff mailed bills to defendant, LUBY, on September 20, 2001,
October 3, 2001, November 14, 2001, December 10, 2001 and January 10, 2002 for $19,554.10
in fees and $1,865.40 in expenses, for a total of $21,419.50.

15.    Defendant, LUBY, neither questioned nor challenged these bills upon
receiving them, and paid them.

16.    Plaintiff mailed bills to defendant, GARRETT, on September 19, 2001,
October 2, 2001, November 8, 2001, December 10, 2001, and January 10, 2002 for $20,158.85
in fees and $41,898.33 in expenses, for a total of $22,057.18.

17.    Defendant, GARRETT, made no payments towards these bills, but neither
questioned nor challenged these bills upon receiving them.

18.    On February 7, 2002, defendant met with attorneys from plaintiff at plaintiff's offices, and terminated, or constructively terminated plaintiff's representation of defendants without cause.

19.    On February 8, 2002, plaintiff mailed a bill to defendant, GARRETT for an additional $16,893.89 in fees and $533.96 in expenses, for a total outstanding balance of $39,485.03.

20.    On February 8, 2002, plaintiff mailed a bill to defendant LUBY for an additional $13,704.55 in fees and $533.95 in expenses, for a total outstanding balance of $14,238.50.

21.    Plaintiff sent defendant, GARRETT, a bill on March 6, 2002 reflecting additional expenses and a refund of certain expenses, reducing his total balance to $38,934.26. His fees totaled $37,052.74 and his expenses totaled $1,881.52, for a grand total and outstanding balance of $38,934.26, of which he never paid anything.

22.    Plaintiff sent defendant, LUBY, a bill on March 7, 2002 reflecting additional expenses and a refund of certain expenses, reducing his total balance to $13,687.72. His fees totaled $33,258.65 and his expenses totaled $1,848.57, for a grand total of $35,107.22, of which his total outstanding unpaid balance was $13,687.72,

5

23.    Upon information and belief, in or about July 2002, defendants settled their dispute and were paid substantial sums.

24.    Defendants never paid plaintiff any additional fees or expenses.

25.    Notwithstanding plaintiff's demand for payment, and defendants' agreement to pay plaintiff, defendants have failed or refused to pay plaintiff for the services rendered.

## AS AND FOR A FIRST CAUSE OF ACTION

### (QUANTUM MERUIT)

26.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant, GARRETT, is liable to plaintiff in quantum meruit for the legal services rendered based on, among other things, the hourly fees owed to plaintiff by defendant, GARRETT, and the amount that the contingency fees would be under defendant, GARRETT's retainer agreement.

Page 2033

## AS AND FOR A SECOND CAUSE OF ACTION

### (QUANTUM MERUIT)

28.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

29.    Defendant, LUBY, is liable to plaintiff in quantum meruit for the legal services rendered based on, among other things, the hourly fees owed to plaintiff by defendant, LUBY, and the amount that the contingency fees would be under defendant, LUBY's retainer agreement.

## AS AND FOR A THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT)

30.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

31.    Defendant, GARRETT's acts continue a breach of contractual obligations to plaintiff whereby plaintiff has been damaged in the amount of $38,934.26, and the amount that the contingency fees would be under defendant, GARRETT's retainer agreement.

7

## AS AND FOR A FOURTH CAUSE OF ACTION

(Breach of Contract)

32.     Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

33.     Defendant, LUBY's acts constitute a breach of contractual obligations to plaintiff whereby plaintiff has been damaged in the amount of $13,687.72, and the amount that the contingency fees would be under defendant, LUBY's retainer agreement.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Account Stated)

34.     Plaintiff hereby alleges paragraphs 1 through 25 as if fully set forth herein.

35.     Regular monthly account statements have been sent to defendant, GARRETT, for legal services at the time those services were performed, for $38,924.26.

36.     Defendant, GARRETT, is liable to plaintiff for an account stated for the legal services in the amount of $38,934.26.

Page 2208

## AS AN FOR A SIXTH CAUSE OF ACTION

### (Account Stated)

37.    Plaintiff hereby alleges paragraphs 1 through 25 as if fully set forth herein.

38.    Regular monthly account statements have been sent to defendant, LUBY, for legal services at the time those services were performed, for $35,107.22, of which his outstanding unpaid balance is $13,687.72.

39.    Defendant, LUBY, is liable to plaintiff for an account stated for the legal services rendered in the amount of $13,687.72.

40.    WHEREFORE, plaintiff, LIDDLE & ROBINSON, L.L.P., demands judgment against the defendant as follows:

(i)    On the first cause of action against defendant, GARRETT, in an amount to be determined, together with pre-judgment interest, and the costs of this action;

(ii)    On the second cause of action against defendant, LUBY, in an amount to be determined, together with pre-judgment interest, and the costs of this action;

(iii)    On the third cause of action against defendant, GARRETT, in the amount to be determined, together with pre-judgment interest, and the costs of this action;

Page: 2358

(iv)    On the fourth cause of action, against defendant, LUBY, in the amount to be determined, together with pre-judgment interest, and the costs of this action;

(v)    On the fifth cause of action, against defendant, GARRETT, in the amount of $38,934.26, together with pre-judgment interest, and the costs of this action.

(vi)    On the sixth cause of action, against defendant, LUBY, in the amount of $13,687.72, together with pre-judgment interest, and the costs of this action; and

(vii)    Such other and further relief as this Court deems just and proper.

Dated:  February 6, 2008
         New York, New York

LIDDLE & ROBINSON, L.L.P.

By:

Jeffrey L. Liddle
*Attorneys for the Plaintiff*
800 Third Avenue
New York, New York  10022
(212) 687-8500
jliddleaa@liddlerobinson.com

10

Next Exhibit 4

Page 2438

Ru. 9/19/01

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1996)

jliddle@liddlerobinson.com

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

CHRISTINE A. PALMIERI
BRENDAN CHAO
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTOPHER P. EDELSON*

*AWAITING ADMISSION
TO THE BAR

September 6, 2001

Mr. Jay F. Luby
84 Woodbine Road
Carlisle, Massachusetts 01741

See 11/16/01
Supplemental
return

Re:    U.S. Trust Corporation; United States Trust Company
       of New York; The Charles Schwab Corporation;
       Charles Schwab & Co., Inc.; Strategic Trading

Dear Jay:

This will confirm our fee agreement regarding our representation of you in the above-referenced matter.

You will pay us the amounts set forth below.

(1)     All disbursements, on a current basis as billed. Disbursements include, but are not limited to, filing fees, travel and lodging expenses, court reporter costs, photocopying, facsimile charges, fees for computerized legal research, long distance telephone charges, and postage (and you shall be directly responsible for any forum fees, mediation fees and expert witness fees); and

(2)     Our fees, on a current basis as billed, calculated on an hourly basis in accordance with our regular hourly rates (see attached schedule) for the first $20,000 of billings, and at 75% of regular hourly rates thereafter. If we commence an arbitration or litigation in court, our hourly fees will be capped at $48,000 (our hourly fees incurred prior to the commencement of an arbitration or litigation in court will count towards the cap); and

(3)     In addition, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, (a) 10% of all recovery

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                     2                     September 6, 2001

(as defined above) recovered after the commencement of an arbitration or other litigation and prior to arbitration hearings or trial in court, but the total of our fees under this paragraph 3(a) plus our fees under paragraph 2 shall not exceed 15% of the recovery, (b) 20% of the first $500,000, 15% of the next $500,000, and 10% of the excess over $1,000,000, of all recovery recovered after the commencement of arbitration hearings or trial in court and prior to an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above, and (c) 30% of the first $500,000, 25% of the next $500,000, and 20% of the excess over $1,000,000 of all recovery recovered after an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above.

In the event of an award of attorneys' fees, the attorneys' fee award shall be paid to us and applied against the amounts to which we would be entitled under paragraphs 2 and 3 above of our agreement with you, and you shall be responsible only for the difference between the amount called for by our agreement and the attorneys' fee award. If any attorneys' fee award exceeds the amounts to which we would be entitled under our agreement, we shall be entitled to the full attorneys' fee award.

The fees for work done by attorneys at Rogin, Nassau, Caplan, Lassman & Hirtle, LLC at our request, or that we agree has obviated our need to do the same work, will be credited against the cap at their regular hourly rates for the first $10,000 of such work, and at 75% of their regular hourly rates thereafter. If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                    3                    September 6, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Jay F. Luby

Dated: September 10, 2001

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                        4                        September 6, 2001

### SCHEDULE

The following hourly rates will apply:

Partner in Charge

  Jeffrey L. Liddle                          $500 per hour

Other Partners                             $300 to $500 per hour

  Michael E. Grenert                       $300 per hour

Associates                                 $125 to $250 per hour

Law Clerks/Paralegals                      $55 to $100 per hour

THESE RATES ARE SUBJECT TO CHANGE FROM TIME TO TIME and any such changes will be reflected in L&R's monthly bills to Client.

*Start Exhibit B*

*Page 2826*

**received**
9/17/01  PF

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1998)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

jliddle@liddlerobinson.com

CHRISTINE A. PALMIERI
BRENDAN CHAO
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTOPHER P. EDELSON*

*AWAITING ADMISSION
TO THE BAR

September 6, 2001

Mr. Robert Y. Garrett, IV
339 Rileyville Road
Ringoes, New Jersey 08551

*See also 11/16/01 Supplemental retainer*

Re:    U.S. Trust Corporation; United States Trust Company
of New York; The Charles Schwab Corporation;
Charles Schwab & Co., Inc.; Strategic Trading

Dear Rob:

This will confirm our fee agreement regarding our representation of you in the above-referenced matter.

You will pay us the amounts set forth below.

(1)    All disbursements, on a current basis as billed. Disbursements include, but are not limited to, filing fees, travel and lodging expenses, court reporter costs, photocopying, facsimile charges, fees for computerized legal research, long distance telephone charges, and postage (and you shall be directly responsible for any forum fees, mediation fees and expert witness fees); and

(2)    Our fees, on a current basis as billed, calculated on an hourly basis in accordance with our regular hourly rates (see attached schedule) for the first $30,000 of billings, and at 75% of regular hourly rates thereafter. If we commence an arbitration or litigation in court, our hourly fees will be capped at $72,000 (our hourly fees incurred prior to the commencement of an arbitration or litigation in court will count towards the cap); and

(3)    In addition, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, (a) 10% of all recovery

Page 2838

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    2                    September 6, 2001

(as defined above) recovered after the commencement of an arbitration or other litigation and prior to arbitration hearings or trial in court, but the total of our fees under this paragraph 3(a) plus our fees under paragraph 2 shall not exceed 15% of the recovery, (b) 20% of the first $500,000, 15% of the next $500,000, and 10% of the excess over $1,000,000, of all recovery recovered after the commencement of arbitration hearings or trial in court and prior to an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above, and (c) 30% of the first $500,000, 25% of the next $500,000, and 20% of the excess over $1,000,000 of all recovery recovered after an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above.

In the event of an award of attorneys' fees, the attorneys' fee award shall be paid to us and applied against the amounts to which we would be entitled under paragraphs 2 and 3 above of our agreement with you, and you shall be responsible only for the difference between the amount called for by our agreement and the attorneys' fee award. If any attorneys' fee award exceeds the amounts to which we would be entitled under our agreement, we shall be entitled to the full attorneys' fee award.

The fees for work done by attorneys at Rogin, Nassau, Caplan, Lassman & Hirtle, LLC at our request, or that we agree has obviated our need to do the same work, will be credited against the cap at their regular hourly rates for the first $10,000 of such work, and at 75% of their regular hourly rates thereafter. If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

Page 30738

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    3                    September 6, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Robert Y. Garrett, IV

Dated: _9 - 11 - 01_

Page 31/35

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                     4                          September 6, 2001

## SCHEDULE

The following hourly rates will apply:

Partner in Charge

  Jeffrey L. Liddle                                    $500 per hour

Other Partners                                          $300 to $500 per hour

  Michael E. Grenert                              $300 per hour

Associates                                              $125 to $250 per hour

Law Clerks/Paralegals                         $55 to $100 per hour

THESE RATES ARE SUBJECT TO CHANGE FROM TIME TO TIME and any such changes will be reflected in L&R's monthly bills to Client.

*Start Exhibit C*

*Page 3208*

*Rec. 11/26/01*
*TO FILE*
*Copies to appropriate*
*people.*

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

jlliddle@liddlerobinson.com

SAMUEL FINKELSTEIN (1908-1995)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

CHRISTINE A. PALMIERI
BRENDAN CHAO
CHRISTOPHER P. EDELSON*
DAVID J. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTINA J. KANG**

*ADMITTED ONLY
 IN MASS. & D.C.
**AWAITING ADMISSION
 TO THE BAR

November 16, 2001

VIA E-MAIL AND EXPRESS MAIL

Mr. Jay F. Luby
84 Woodbine Road
Carlisle, Massachusetts 01741

Re:    U.S. Trust Corporation; United States Trust Company
       of New York; The Charles Schwab Corporation;
       Charles Schwab & Co., Inc.; Strategic Trading

Dear Jay:

This will supplement our fee agreement dated September 6, 2001.

In addition to the amounts provided for in the September 6, 2001 agreement, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, 10% of all recovery (as defined above) recovered before the commencement of an arbitration or other litigation, but the total of our fees under this paragraph plus our fees under paragraph 2 of the September 6, 2001 agreement shall not exceed 15% of the recovery.

If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

Page 33/33

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                      2                      November 16, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Jay F. Luby

Dated: _November 18, 2001_

*Strt Exhibit D*

*Page 26/85*

*Rec. 11/30/01*

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

jliddle@liddlerobinson.com

SAMUEL FINKELSTEIN (1905-1995)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

CHRISTINE A. PALMIERI
BRENDAN CHAO
CHRISTOPHER P. EDELSON·
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTINA J. KANG··

·ADMITTED ONLY
IN MASS. & D.C.
··AWAITING ADMISSION
TO THE BAR

November 16, 2001

VIA FACSIMILE AND EXPRESS MAIL

Mr. Robert Y. Garrett, IV
339 Rileyville Road
Ringoes, New Jersey 08551

Re:     U.S. Trust Corporation; United States Trust Company
        of New York; The Charles Schwab Corporation;
        Charles Schwab & Co., Inc.; Strategic Trading

Dear Rob:

This will supplement our fee agreement dated September 6, 2001.

In addition to the amounts provided for in the September 6, 2001 agreement, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, 10% of all recovery (as defined above) recovered before the commencement of an arbitration or other litigation, but the total of our fees under this paragraph plus our fees under paragraph 2 of the September 6, 2001 agreement shall not exceed 15% of the recovery.

If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

Page 35/55

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    2                    November 16, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Robert Y. Garrett, IV

Dated: _11/23/01_



**LIDDLE & ROBINSON, L.L.P.**
ATTORNEYS-AT-LAW
OPERATING ACCOUNT
800 THIRD AVENUE, 8TH FLOOR
NEW YORK, NY 10022

1527

SIGNATURE BANK
PRIVATE CLIENT GROUP 161
NEW YORK, NY 10017
1-1357-260

2/6/2008

PAY TO THE
ORDER OF: Clerk - Supreme Court of the State of NY

Two Hundred Ten and 00/100************************************

$ **210.00

DOLLARS

MEMO
L&R v Garnett & Luby

Security Features included. 🔒 Details on back.

99-397-/07-05

⑈0015270⑈ ⑈026013576⑈ 1500957124⑈