UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

LIDDLE & ROBINSON, L.L.P.,

                Plaintiff,

    -against-

ROBERT Y. GARRETT, IV
JAY F. LUBY,

              Defendants.

------------------------------------------------------------------ x

1:08 CV 2965 (PKL)

**AMENDED
COMPLAINT**

RECEIVED
MAY 22 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff alleges as follows:

1.    Plaintiff, LIDDLE & ROBINSON, L.L.P., is a limited liability partnership engaged in the practice of law, with its place of business at 800 Third Avenue, New York, New York 10022.

2.    Upon information and belief, defendant, ROBERT Y. GARRETT, IV. (GARRETT ) resides at 339 Rileyville Road, Ringoes, New Jersey 08551.

3.    Upon information and belief, defendant, JAY F. LUBY (LUBY), resides at 84 Woodbine Road, Carlisle, Massachusetts 01741.

4.    LIDDLE & ROBINSON, L.L.P. began representing the defendants in August 2001 in connection with their employment-related dispute with the related entities,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                               :
LIDDLE & ROBINSON, L.L.P.,                                     :
                                                               :
                              Plaintiff,                       :    1:08 CV 2965 (PKL)
                                                               :
            -against-                                          :    **AMENDED**
                                                               :    **COMPLAINT**
ROBERT Y. GARRETT, IV                                          :
JAY F. LUBY,                                                   :
                                                               :
                              Defendants.                      :
-------------------------------------------------------------- x

Plaintiff alleges as follows:

1.    Plaintiff, LIDDLE & ROBINSON, L.L.P., is a limited liability partnership
engaged in the practice of law, with its place of business at 800 Third Avenue, New York, New
York 10022.

2.    Upon information and belief, defendant, ROBERT Y. GARRETT, IV.
(GARRETT ) resides at 339 Rileyville Road, Ringoes, New Jersey 08551.

3.    Upon information and belief, defendant, JAY F. LUBY (LUBY), resides
at 84 Woodbine Road, Carlisle, Massachusetts 01741.

4.    LIDDLE & ROBINSON, L.L.P. began representing the defendants in
August 2001 in connection with their employment-related dispute with the related entities,

Charles Schwab & Co., Inc., The Charles Schwab Corporation, UST Securities Corp., United States Trust Company of New York, and U.S. Trust Corporation.  (The Charles Schwab Corporation was the parent company of Charles Schwab & Co., Inc. and U.S. Trust Corporation. U.S. Trust Corporation was the parent company of UST Securities Corp. and United States Trust Company of New York.)

5.     On September 10, 2001, defendant, LUBY signed a written agreement dated September 6, 2001 with plaintiff.

6.     Under the September 6, 2001 agreement, defendant, LUBY agreed to pay plaintiff, among other things, its hourly fees for the first $20,000 of billings, and at 75% of plaintiff's hourly rates thereafter, with a cap of $48,000 on hourly fees if plaintiff commenced an arbitration or litigation on his behalf, as well as contingency fees on amounts recovered after the commencement of litigation.

7.     On September 11, 2001, defendant GARRETT, signed a written agreement dated September 6, 2001 with plaintiff.

8.     Under the September 6, 2001 agreement, defendant, GARRETT, agreed to pay plaintiff, among other things, its hourly fees for the first $30,000 of billings, and at 75% of plaintiff's hourly rates thereafter, with a cap of $72,000 on hourly fees if plaintiff commenced an arbitration or litigation on his behalf, as well as contingency fees on amounts recovered after the commencement of litigation.

9.    On November 16, 2001 agreement, defendant, LUBY, signed a written supplemental agreement dated November 16, 2001 with plaintiff.

10.    Under the November 16, 2001 agreement, defendant, LUBY, agreed to pay plaintiff 10% of all amounts recovered before the commencement of an arbitration or other litigation, with the total of plaintiff's fees under this provision plus plaintiff's hourly fees under the September 6, 2001 agreement not to exceed 15% of the recovery.  The agreement provided that, if plaintiff was due a contingency fee under its terms, "we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work."

11.    On November 23, 2001, defendant, GARRETT, signed a written supplemental agreement dated November 16, 2001 with plaintiff.

12.    Under the November 16, 2001 agreement, defendant, GARRETT, agreed to pay plaintiff 10% of all amounts recovered before the commencement of an arbitration or other litigation with the total of plaintiff's fees under this provision plus plaintiff's hourly fees under the September 6, 2001 agreement not to exceed 15% of the recovery.  The agreement provided that, if plaintiff was due a contingency fee under its terms, "we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the

3

number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work."

13.    Plaintiff thereafter rendered extensive legal services on defendants' behalf including, among other things, representing defendants in a mediation, performing legal research and drafting a statement of claim to commence an arbitration.

14.    Plaintiff mailed bills to defendant, LUBY, on September 20, 2001, October 3, 2001, November 14, 2001, December 10, 2001 and January 10, 2002 for $19,554.10 in fees and $1,865.40 in expenses, for a total of $21,419.50.

15.    Defendant, LUBY, neither questioned nor challenged these bills upon receiving them, and paid them.

16.    Plaintiff mailed bills to defendant, GARRETT, on September 19, 2001, October 2, 2001, November 8, 2001, December 10, 2001, and January 10, 2002 for $20,158.85 in fees and $41,898.33 in expenses, for a total of $22,057.18.

17.    Defendant, GARRETT, made no payments towards these bills, but neither questioned nor challenged these bills upon receiving them.

18.    On February 7, 2002, defendants met with attorneys from plaintiff at plaintiff's offices.

19.    During the February 7, 2002 meeting defendants, LUBY and GARRETT, terminated or constructively terminated plaintiff's representation of them.

20.    Plaintiff informed defendants LUBY and GARRETT that they were still responsible for the attorneys fees under their contract and that plaintiff would still be entitled to receive a percentage of any amounts recovered (attached hereto as Exhibit E is a letter to both defendants dated February 8, 2002).

21.    On February 8, 2002, plaintiff mailed a bill to defendant, GARRETT for an additional $16,893.89 in fees and $533.96 in expenses, for a total outstanding balance of $39,485.03.

22.    On February 8, 2002, plaintiff mailed a bill to defendant LUBY for an additional $13,704.55 in fees and $533.95 in expenses, for a total outstanding balance of $14,238.50.

23.    Plaintiff sent defendant, GARRETT, a bill on March 6, 2002 reflecting additional expenses and a refund of certain expenses, reducing his total balance to $38,934.26. His fees totaled $37,052.74 and his expenses totaled $1,881.52, for a grand total and outstanding balance of $38,934.26, of which he never paid anything.

24.    Plaintiff sent defendant, LUBY, a bill on March 7, 2002 reflecting additional expenses and a refund of certain expenses, reducing his total balance to $13,687.72. His fees totaled $33,258.65 and his expenses totaled $1,848.57, for a grand total of $35,107.22, of which his total outstanding unpaid balance was $13,687.72.

25.    Upon information and belief, in or about July 2002, defendants settled their dispute and were paid substantial sums.

26.    Defendants never paid plaintiff any additional fees or expenses.

27.    Notwithstanding plaintiff's demand for payment, and defendants' agreement to pay plaintiff, defendants have failed or refused to pay plaintiff for the services rendered.

## AS AND FOR A FIRST CAUSE OF ACTION
### (QUANTUM MERUIT)

28.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

29.    Defendant, GARRETT, is liable to plaintiff in quantum meruit for the legal services rendered based on, among other things, the hourly fees owed to plaintiff by

defendant, GARRETT, and the amount that the contingency fees would be under defendant, GARRETT's retainer agreement.

## AS AND FOR A SECOND CAUSE OF ACTION

### (QUANTUM MERUIT)

30.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

31.    Defendant, LUBY, is liable to plaintiff in quantum meruit for the legal services rendered based on, among other things, the hourly fees owed to plaintiff by defendant, LUBY, and the amount that the contingency fees would be under defendant, LUBY's retainer agreement.

## AS AND FOR A THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT)

32.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

33.    Defendant, GARRETT's acts continue a breach of contractual obligations to plaintiff whereby plaintiff has been damaged in the amount of $38,934.26, and the amount that the contingency fees would be under defendant, GARRETT's retainer agreement.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Breach of Contract)

34.    Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

35.    Defendant, LUBY's acts constitute a breach of contractual obligations to plaintiff whereby plaintiff has been damaged in the amount of $13,687.72, and the amount that the contingency fees would be under defendant, LUBY's retainer agreement.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Account Stated)

36.    Plaintiff hereby alleges paragraphs 1 through 25 as if fully set forth herein.

37.    Regular monthly account statements have been sent to defendant, GARRETT, for legal services at the time those services were performed, for $38,924.26.

38.    Defendant, GARRETT, is liable to plaintiff for an account stated for the legal services in the amount of $38,934.26.

<u>AS AN FOR A SIXTH CAUSE OF ACTION</u>

(Account Stated)

39.    Plaintiff hereby alleges paragraphs 1 through 25 as if fully set forth herein.

40.    Regular monthly account statements have been sent to defendant, LUBY, for legal services at the time those services were performed, for $35,107.22, of which his outstanding unpaid balance is $13,687.72.

41.    Defendant, LUBY, is liable to plaintiff for an account stated for the legal services rendered in the amount of $13,687.72.

42.    WHEREFORE, plaintiff, LIDDLE & ROBINSON, L.L.P., demands judgment against the defendant as follows:

(i)    On the first cause of action against defendant, GARRETT, in an amount to be determined, together with pre-judgment interest, and the costs of this action;

(ii)    On the second cause of action against defendant, LUBY, in an amount to be determined, together with pre-judgment interest, and the costs of this action;

(iii)    On the third cause of action against defendant, GARRETT, in the amount to be determined, together with pre-judgment interest, and the costs of this action;

(iv)    On the fourth cause of action, against defendant, LUBY, in the amount to be determined, together with pre-judgment interest, and the costs of this action;

(v)    On the fifth cause of action, against defendant, GARRETT, in the amount of $38,934.26, together with pre-judgment interest, and the costs of this action.

(vi)    On the sixth cause of action, against defendant, LUBY, in the amount of $13,687.72, together with pre-judgment interest, and the costs of this action; and

(vii)    Such other and further relief as this Court deems just and proper.

Dated:  May 21, 2008
        New York, New York

LIDDLE & ROBINSON, L.L.P.

By: _____
        James A. Batson
        *Attorneys for the Plaintiff*
        800 Third Avenue
        New York, New York 10022
        (212) 687-8500
        jbatsona@liddlerobinson.com

EXHIBIT A

*Ru. 9/#9/01*

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE

NEW YORK, N.Y. 10017

(212) 687-8500

FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1996)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

jliddle@liddlerobinson.com

CHRISTINE A. PALMIERI
BRENDAN CHAO
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTOPHER P. EDELSON*

*AWAITING ADMISSION
TO THE BAR

September 6, 2001

Mr. Jay F. Luby
84 Woodbine Road
Carlisle, Massachusetts 01741

*See 11/16/01 Supplemental retainer*

Re:   U.S. Trust Corporation; United States Trust Company
of New York; The Charles Schwab Corporation;
Charles Schwab & Co., Inc.; Strategic Trading

Dear Jay:

This will confirm our fee agreement regarding our representation of you in the above-referenced matter.

You will pay us the amounts set forth below.

(1)   All disbursements, on a current basis as billed.  Disbursements include, but are not limited to, filing fees, travel and lodging expenses, court reporter costs, photocopying, facsimile charges, fees for computerized legal research, long distance telephone charges, and postage (and you shall be directly responsible for any forum fees, mediation fees and expert witness fees); and

(2)   Our fees, on a current basis as billed, calculated on an hourly basis in accordance with our regular hourly rates (see attached schedule) for the first $20,000 of billings, and at 75% of regular hourly rates thereafter.  If we commence an arbitration or litigation in court, our hourly fees will be capped at $48,000 (our hourly fees incurred prior to the commencement of an arbitration or litigation in court will count towards the cap); and

(3)   In addition, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, (a) 10% of all recovery

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                    2                    September 6, 2001

(as defined above) recovered after the commencement of an arbitration or other litigation and prior to arbitration hearings or trial in court, but the total of our fees under this paragraph 3(a) plus our fees under paragraph 2 shall not exceed 15% of the recovery, (b) 20% of the first $500,000, 15% of the next $500,000, and 10% of the excess over $1,000,000, of all recovery recovered after the commencement of arbitration hearings or trial in court and prior to an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above, and (c) 30% of the first $500,000, 25% of the next $500,000, and 20% of the excess over $1,000,000 of all recovery recovered after an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above.

        In the event of an award of attorneys' fees, the attorneys' fee award shall be paid to us and applied against the amounts to which we would be entitled under paragraphs 2 and 3 above of our agreement with you, and you shall be responsible only for the difference between the amount called for by our agreement and the attorneys' fee award. If any attorneys' fee award exceeds the amounts to which we would be entitled under our agreement, we shall be entitled to the full attorneys' fee award.

        The fees for work done by attorneys at Rogin, Nassau, Caplan, Lassman & Hirtle, LLC at our request, or that we agree has obviated our need to do the same work, will be credited against the cap at their regular hourly rates for the first $10,000 of such work, and at 75% of their regular hourly rates thereafter. If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

        Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                                  3                           September 6, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Jay F. Luby

Dated: September 10, 2001

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                    4                    September 6, 2001

## SCHEDULE

The following hourly rates will apply:

Partner in Charge

  Jeffrey L. Liddle                                $500 per hour

Other Partners                                $300 to $500 per hour

  Michael E. Grenert                            $300 per hour

Associates                                    $125 to $250 per hour

Law Clerks/Paralegals                         $55 to $100 per hour

THESE RATES ARE SUBJECT TO CHANGE FROM TIME TO TIME and any such changes will be reflected in L&R's monthly bills to Client.

EXHIBIT B

received
9|17|01  PR

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1996)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

jliddle@liddlerobinson.com

CHRISTINE A. PALMIERI
BRENDAN CHAO
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTOPHER P. EDELSON·

·AWAITING ADMISSION
  TO THE BAR

September 6, 2001

Mr. Robert Y. Garrett, IV
339 Rileyville Road
Ringoes, New Jersey 08551

*See also
11/16/01
Supplemental
retainer*

Re:    U.S. Trust Corporation; United States Trust Company
       of New York; The Charles Schwab Corporation;
       Charles Schwab & Co., Inc.; Strategic Trading

Dear Rob:

This will confirm our fee agreement regarding our representation of you in the above-referenced matter.

You will pay us the amounts set forth below.

(1)    All disbursements, on a current basis as billed. Disbursements include, but are not limited to, filing fees, travel and lodging expenses, court reporter costs, photocopying, facsimile charges, fees for computerized legal research, long distance telephone charges, and postage (and you shall be directly responsible for any forum fees, mediation fees and expert witness fees); and

(2)    Our fees, on a current basis as billed, calculated on an hourly basis in accordance with our regular hourly rates (see attached schedule) for the first $30,000 of billings, and at 75% of regular hourly rates thereafter. If we commence an arbitration or litigation in court, our hourly fees will be capped at $72,000 (our hourly fees incurred prior to the commencement of an arbitration or litigation in court will count towards the cap); and

(3)    In addition, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, (a) 10% of all recovery

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                 2                    September 6, 2001

(as defined above) recovered after the commencement of an arbitration or other litigation and prior to arbitration hearings or trial in court, but the total of our fees under this paragraph 3(a) plus our fees under paragraph 2 shall not exceed 15% of the recovery, (b) 20% of the first $500,000, 15% of the next $500,000, and 10% of the excess over $1,000,000, of all recovery recovered after the commencement of arbitration hearings or trial in court and prior to an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above, and (c) 30% of the first $500,000, 25% of the next $500,000, and 20% of the excess over $1,000,000 of all recovery recovered after an arbitration award or judgment in court, minus all amounts paid by you pursuant to paragraph 2 above.

In the event of an award of attorneys' fees, the attorneys' fee award shall be paid to us and applied against the amounts to which we would be entitled under paragraphs 2 and 3 above of our agreement with you, and you shall be responsible only for the difference between the amount called for by our agreement and the attorneys' fee award. If any attorneys' fee award exceeds the amounts to which we would be entitled under our agreement, we shall be entitled to the full attorneys' fee award.

The fees for work done by attorneys at Rogin, Nassau, Caplan, Lassman & Hirtle, LLC at our request, or that we agree has obviated our need to do the same work, will be credited against the cap at their regular hourly rates for the first $10,000 of such work, and at 75% of their regular hourly rates thereafter. If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

LIC DLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    3                    September 6, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Robert Y. Garrett, IV

Dated: 9 - 11 - 01

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    4                    September 6, 2001

## SCHEDULE

The following hourly rates will apply:

Partner in Charge

  Jeffrey L. Liddle                          $500 per hour

Other Partners                              $300 to $500 per hour

  Michael E. Grenert                         $300 per hour

Associates                                  $125 to $250 per hour

Law Clerks/Paralegals                       $55 to $100 per hour

THESE RATES ARE SUBJECT TO CHANGE FROM TIME TO TIME and any such
changes will be reflected in L&R's monthly bills to Client.

EXHIBIT C

*Rec. 11/26/01*
*TO FILES*
*Copies to appropriate people.*

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1996)
———
JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

jliddle@liddlerobinson.com

CHRISTINE A. PALMIERI
BRENDAN CHAO
CHRISTOPHER P. EDELSON·
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTINA J. KANG··

·ADMITTED ONLY
IN MASS. & D.C.
··AWAITING ADMISSION
TO THE BAR

November 16, 2001

<u>VIA E-MAIL AND EXPRESS MAIL</u>

Mr. Jay F. Luby
84 Woodbine Road
Carlisle, Massachusetts 01741

> Re:   U.S. Trust Corporation; United States Trust Company
> of New York; The Charles Schwab Corporation;
> Charles Schwab & Co., Inc.; Strategic Trading

Dear Jay:

This will supplement our fee agreement dated September 6, 2001.

In addition to the amounts provided for in the September 6, 2001 agreement, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, 10% of all recovery (as defined above) recovered before the commencement of an arbitration or other litigation, but the total of our fees under this paragraph plus our fees under paragraph 2 of the September 6, 2001 agreement shall not exceed 15% of the recovery.

If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

LIDDLE & ROBINSON, L.L.P.

Mr. Jay F. Luby                                2                              November 16, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Jay F. Luby

Dated: _November 18, 2001_

EXHIBIT D

*Rec. 11/38/0.*

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE
NEW YORK, N.Y. 10017

(212) 687-8500
FACSIMILE: (212) 687-1505

SAMUEL FINKELSTEIN (1906-1996)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
MIRIAM M. ROBINSON
MARC A. SUSSWEIN

jliddle@liddlerobinson.com

CHRISTINE A. PALMIERI
BRENDAN CHAO
CHRISTOPHER P. EDELSON
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. AGIUTORI
LEILA I. NOOR
CHRISTINA J. KANG**

*ADMITTED ONLY
IN MASS. & D.C.
**AWAITING ADMISSION
TO THE BAR

November 16, 2001

VIA FACSIMILE AND EXPRESS MAIL

Mr. Robert Y. Garrett, IV
339 Rileyville Road
Ringoes, New Jersey 08551

Re:    U.S. Trust Corporation; United States Trust Company
       of New York; The Charles Schwab Corporation;
       Charles Schwab & Co., Inc.; Strategic Trading

Dear Rob:

This will supplement our fee agreement dated September 6, 2001.

In addition to the amounts provided for in the September 6, 2001 agreement, if we achieve a recovery on your behalf, whether by way of settlement, award, judgment, verdict or otherwise ("recovery" is inclusive of all amounts actually received for damages, interest and costs), you will pay us, in a lump sum, 10% of all recovery (as defined above) recovered before the commencement of an arbitration or other litigation, but the total of our fees under this paragraph plus our fees under paragraph 2 of the September 6, 2001 agreement shall not exceed 15% of the recovery.

If we are due a percentage of any recovery as described above, we will agree that such percentage shall be allocated, between this firm and Rogin, Nassau, pro rata based upon the number of hours recorded, but only with regard to work they do at our request, or that we agree has added value or obviated our need to do the same work.

Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and returning it to me.

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV                    2                    November 16, 2001

We look forward to our representation of you in this matter.

Sincerely yours,

Jeffrey L. Liddle

Enclosure

ACCEPTED AND AGREED

Robert Y. Garrett, IV

Dated: 11 23 01

EXHIBIT E

# LIDDLE & ROBINSON, L.L.P.

685 THIRD AVENUE

NEW YORK, N.Y. 10017

(212) 687-8500

FACSIMILE: (212) 687-1505

E-mail: jliddle@liddlerobinson.com

SAMUEL FINKELSTEIN (1906-1996)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
SUSAN POTTER ELLIS
MICHAEL E. GRENERT
JEFFREY L. LIDDLE
LAURENCE S. MOY
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

MIRIAM M. ROBINSON
SENIOR COUNSEL

BRENDAN CHAO
CHRISTOPHER P. EDELSON·
DAVID I. GREENBERGER
JAMES C. MALLIOS
CANDACE M. ADIUTORI
LEILA I. NOOR
CHRISTINA J. KANG··

·ADMITTED ONLY
 IN MASS. & D.C.
··AWAITING ADMISSION
 TO THE BAR

February 8, 2002

<u>VIA EXPRESS MAIL AND E-MAIL</u>

Mr. Robert Y. Garrett, IV
339 Rileyville Road
Ringoes, New Jersey 08551

Mr. Jay F. Luby
84 Woodbine Road
Carlisle, Massachusetts 01741

   Re: U.S. Trust Corporation; United States Trust Company
     of New York; The Charles Schwab Corporation;
     <u>Charles Schwab & Co., Inc.; Strategic Trading</u>

Dear Messrs. Garrett and Luby:

   It is clear from our meeting yesterday that you have in fact, or constructively, terminated our representation of you. It is obvious that our relationship is now untenable, and that your conduct toward me and this firm, "complaints" and "concerns," is predicated on a desire to avoid your responsibilities under your fee arrangement with us. Moreover, we were shocked that Paul Zolan, Esq. had apparently made a separate fee arrangement with you. I have personally brought to bear 25 plus years of experience, relationships and knowledge of the parties and their counsel for your benefit. Apparently, with much of this in place you may think you can dispense with us. I have learned to be disappointed with people over the years, but this is certainly a situation I will not forget.

   I have enclosed our bills for the time we have spent through yesterday, exclusive of our performance fee.

LIDDLE & ROBINSON, L.L.P.

Mr. Robert Y. Garrett, IV          2          February 8, 2002
Mr. Jay F. Luby

        In addition, of course, our agreements under which Liddle & Robinson receives a percentage of any amounts you recover, still stand.

        We further note that, as we have discussed, Schwab/U.S. Trust has apparently indicated to the mediator, Steve Hochman, a willingness to settle for a high seven figure amount (we have speculated approximately $7.5 million) and Mr. Hochman has indicated a willingness to make a mediator's proposal in the ballpark of $13 to $15 million, of course, based on the assumption that Liddle & Robinson would be representing you and that I would be trying the case.

        Whatever course you now follow, please be advised that we are asserting our right to be paid. In that regard, we expect to be kept honestly, and completely, apprised of the progress in resolving these claims.

                      Very truly yours,

                      Jeffrey L. Liddle

Enclosure

cc:    Paul Zolan, Esq.