LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY (TM 4274)
708 Third Avenue, Suite 2500
New York, New York 10017
Tel.: (212) 223-0800
Attorneys for Defendants
Robert Y. Garrett, IV and Jay F. Luby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LIDDLE & ROBINSON, LLP                          :
Plaintiff,                                      :
                                                :
                                                :
                -v-         :                   :       1:08 CV 02965 (PKL)
ROBERT Y GARRETT, IV and                        :
JAY F. LUBY,                                    :
Defendant(s).                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLEASE TAKE NOTICE** that the undersigned moves this Court, before the Honorable

Peter K. Leisure, United States District Court Judge, for an order pursuant to Fed. R. Civ. P.

12(b)(6) dismissing the Complaint for failure to state a claim upon which relief can be granted,

and for such other and further relief as this court may deem just and proper.

Dated: June 26, 2008
       New York, New York

                                Respectfully submitted,

                                LAW OFFICES OF THOMAS M. MULLANEY


                                Thomas M. Mullaney (TM 4274)
                                Attorneys for Defendants
                                Robert Y. Garrett, IV and Jay F. Luby
                                708 Third Avenue, Suite 2500
                                New York, New York 10017
                                Tel.: (212) 223-0800
                                Fax: (212) 661-9860
                                E-mail: tmm@mullaw.org

LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Defendants
Robert Y. Garrett, IV and Jay F. Luby

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LIDDLE & ROBINSON, LLP          :
Plaintiff,              :
                         :

     -v-               :

                         :    1:08 CV 02965 (PKL)
ROBERT Y GARRETT, IV and    :
JAY F. LUBY,            :
Defendant(s).           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

LAW OFFICES OF THOMAS M. MULLANEY
708 THIRD AVENUE, SUITE 2500
NEW YORK, NEW YORK 10017

Tel.: (212) 223-0800
Fax: (212) 661-9860

Defendants Robert Y. Garrett, IV and Jay F. Luby (collectively "Defendants") make this Motion to Dismiss the Amended Complaint of Plaintiff Liddle & Robinson, L.L.P. ("Liddle & Robinson" or "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Amended Complaint does not state a claim upon which relief can be granted because Jeffrey L. Liddle, a name partner in the Plaintiff firm seeking legal fees allegedly due for legal services last allegedly provided almost six years before this suit was commenced, was in fact the person who abruptly terminated his firm's attorney-client relationship with Defendants. Mr. Liddle's own words to Defendants, attached as an exhibit to the Amended Complaint, describe his unilateral decision. What the Amended Complaint fails to describe is the rule in New York that a lawyer who quits his own client cannot later sue to recover unpaid legal fees under any theory of recovery.

Moreover, even if Plaintiff had pled that it was terminated by Defendants without cause, Plaintiff still could not maintain its causes of action for breach of contract and account stated. New York law permits *exclusively* a *quantum meruit* claim in a plenary action for the recovery of attorneys' fees. The other options available to a discharged attorney are the charging lien and retaining lien, which are imposed while the underlying case is pending and do not require a plenary action. The issue that precipitated Plaintiff's representation was resolved long ago, by other attorneys, so Plaintiff's right to impose a lien has lapsed. In any event, because the Amended Complaint fails to allege that Defendants terminated Plaintiff without cause, it states no cognizable claim.

## STANDARDS FOR THIS MOTION

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a Court must dismiss a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." *King v. Simpson*, 189 F.3d 284, 286 (2d Cir. 1999); *Carruthers v. Flaum*, 388 F.Supp.2d 360, 369 (S.D.N.Y. 2005). The factual allegations must be enough to raise the right to relief above the speculative level, and a formulaic recitation of the elements of a cause of action will not do[.] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). Of course, "[t]he Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir. 1999). Nonetheless, a Court must dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Carruthers*, 388 F.Supp.2d at 369, citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## FACTUAL BACKGROUND

Defendants Garrett and Luby were financial services executives in 2000-01 (the time periods relevant to the complaint), and in August 2001 retained Plaintiff in connection with a dispute with their then-employer. See Amended Complaint of Plaintiff Liddle & Robinson, L.L.P. ("Amended Cplt."), dated May 21, 2008, at ¶¶ 4, 5 and 7. Plaintiff correctly alleges the

economic terms of that representation, specifically that it would have been paid a blended fee, part hourly, and part "contingency fees on amounts recovered after the commencement of litigation." Id. at ¶¶ 6, 8.  This arrangement was supplemented in November 2001, whereby Plaintiff could earn a contingency if "[it] achiev[ed] a recovery on [Defendants'] behalf" *before* the commencement of an arbitration or other litigation.  Id., attaching a Letter Agreement of Liddle & Robinson, L.L.P., dated November 16, 2001, as Exhibit D (emphasis added).  The Amended Complaint does not allege the Plaintiff achieved a recovery for Defendants.

The Amended Complaint does allege that Plaintiff was "terminated or constructively terminated" on February 7, 2002.  Id. at ¶ 19.  This allegation is contradicted, however, by Exhibit E to the Amended Complaint, which demonstrates that Plaintiff was not terminated by Defendants, but rather that Plaintiff *elected* not to represent them anymore.  Id. at Ex. E.  The text of the Amended Complaint says nothing else about the circumstances of the alleged "constructive termination."

Mr. Liddle's declaration to his clients on February 8, 2002 that he was no longer representing them, based on a meeting the previous day, does not specify why their relationship had become "untenable."  Id.  Mr. Liddle does not state that his now-former clients had been untruthful with him about the facts of the underlying dispute, nor state that he was withdrawing because of non-payment of legal fees, nor allege other commonly recognized grounds for withdrawal "for cause."  Mr. Liddle does make clear in that letter that he fired them, and not the other way around, contrary to the Amended Complaint.

The Amended Complaint does correctly allege that another law firm, "Rogin, Nassau" was also representing Messrs. Garrett and Luby at the time of Plaintiff's resignation.  Id. at ¶¶

3

10, 12. The Amended Complaint also alleges that after Plaintiff's resignation Messrs. Garrett and Luby settled their suit and were paid substantial sums. The Amended Complaint does not explicitly allege who represented Defendants from February 8, when Mr. Liddle quit them, and July 2002, when a settlement was allegedly reached, but the reasonable inference would be that a law firm did represent Defendants in connection with the alleged settlement. Of course, the Amended Complaint does not and can not allege that Plaintiff achieved any recovery for Defendants. The Amended Complaint nonetheless seeks a contingency fee based on that alleged recovery, plainly achieved, if at all, by another lawyer or lawyers, and even though Mr. Liddle himself agreed that his firm would be entitled to a contingency fee *only* if it achieved the recovery. Id. at Ex. E.

## ARGUMENT

### A.    Rule 12 Disposition of Contingency Claim Appropriate

The Amended Complaint establishes that the Plaintiff's name partner unilaterally elected to withdraw from his representation of Defendants for his own reasons. This fact precludes any recovery by Plaintiff from his former clients, because New York law unequivocally prohibits an attorney from recovering any allegedly due legal fees from his clients after deciding to quit them. Instead, only if a lawyer is discharged without cause may it recover due fees in a plenary action for *quantum meruit.* Plaintiff's attempt to circumvent this fact by alleging in the alternative that it may have been "constructively terminated" does not satisfy its pleading requirement, especially where Plaintiff has all of the relevant facts in its possession. Of all people, a law firm dedicated to employment law ought to plead whether it was terminated or constructively terminated, and why.

4

Plaintiff does not so plead for the simple reason that its unilateral resignation precludes any recovery from Defendants in a plenary action under any theory.   It is well-settled in New York that an attorney who unilaterally withdraws from a representation is not even entitled to the recovery of *quantum meruit. Kahn v. Kahn,* 186 A.D.2d 719, 720 (App. Div., 2nd Dept., 1992). The Plaintiff must plead that it was discharged by Defendants without cause or it has no claim. Id. It does not.

Pleading that it was "constructively terminated" cannot save Plaintiff from dismissal, because that theory of recovery requires an employer-employee relationship, obviously absent here. *Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2003 WL 1961636 (S.D.N.Y. 2003(02-Cv-4635)(RPP)("[b]ecause no employment relationship between Snapple and Multi-Juice exists in this case, Plaintiff's constructive termination claim is invalid and consequently dismissed."). *Id.* at * 4. An allegation of constructive termination has no place here.

Nonetheless, Plaintiff ignores this fact, as well as the fact that there are only three separate and distinct remedies available even to an attorney discharged without cause to recover the value of his legal services. *Butler, Fitzgerald & Potter v. Gelmin,* 235 A.D.2d 218 (App. Div., 2nd Dept., 1997).   They are the charging lien and retaining lien, both inapplicable here, and then "a plenary action in *quantum meruit* seeking a judgment for the reasonable value of his services[.]" *Id; see also Schneider, Klenick, Weitz, Damashek & Shoot v. City of New York,* 302 A.D.2d 183, 186 (App. Div., 1st. Dept., 2002); *Ingber v. Sabato,* 229 A.D.2d 884, 887 (App. Div., 3rd Dept., 1996).   The law of New York does not allow a law firm to seek any other remedy but *quantum meruit* in a plenary action when seeking to recover its fees, even if discharged without cause. *Minerva Smith v. Boscov's Dep't Store,* 192 A.D.2d 949, 950 (App. Div, 3rd Dept., 1993), *Bruk v. Lee Albin,* 270 A.D.2d 441, 442 (App. Div., 2nd Dept., 2000).   This

5

is true even where an attorney discharged without fault was employed under a contingent fee contract. *Id.*

Ex. E to the Amended Complaint shows that Mr. Liddle elected to end the representation, for unarticulated reasons of his own. Tellingly, there does not appear to be any case law in New York dealing with an attorney's right to recover fees where he was "constructively discharged." Not only is this dearth of authority consistent with the absence of the requisite employer : employee relationship, but is also consistent with the greater obligations imposed on an attorney dealing with his client than are imposed on an arm's length corporation dealing with an at-will employee. An attorney either has the right to withdraw for reasons delineated under New York's regulatory construct, or he is fired by the client, or he quits. "Constructive discharge" is a concept unknown to the attorney-client relationship.

Even if it were, a lawyer who offers only the conclusory assertion that his relationship with his clients has "become untenable" does not articulate a "constructive termination", or that he has been terminated with or without cause. Instead he advances a syllogism insufficient to state a cause of action. But Plaintiff's circular pleading cannot hide the plain reality that the price for quitting is not being paid, especially a percentage of the fruit of someone else's labor.

## CONCLUSION

For the reasons set forth above, Robert Y. Garrett, IV and Jay F. Luby respectfully request that the Court deny Defendants' motion in its entirety.

6

Dated: June 26, 2008
        New York, New York

                        Respectfully submitted,

                        LAW OFFICES OF THOMAS M. MULLANEY

                        By: _____
                            Thomas M. Mullaney (TM 4274)
                            Attorney for Defendants
                            Robert Y. Garrett, IV and Jay F. Luby
                            708 Third Avenue, Suite 2500
                            New York, New York 10017
                            (212) 223-0800
                            (212) 661-9860 (Facsimile)

## **CERTIFICATE OF SERVICE**

Thomas M. Mullaney, an attorney admitted to practice law in the courts of the State of New York, a person over eighteen (18) years of age, and not a party to this action, affirms the following under penalties of perjury:

On June 27, 2008, I caused to be served by electronic mail the annexed NOTICE OF MOTION and MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS:

> James A. Batson
> Liddle & Robinson
> 800 Third Ave.
> New York, NY 10017

which is the address designated by said attorney.


/s/ Thomas M. Mullaney
Thomas M. Mullaney (TM-4274)