LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Defendants
Robert Y. Garrett, IV and Jay F. Luby

------------------------------------x
LIDDLE & ROBINSON, LLP  :
Plaintiff,  :
 :
 :
-v-  :
 : 1:08 CV 02965 (PKL)
ROBERT Y GARRETT, IV and  :
JAY F. LUBY,  :
Defendant(s).  :
------------------------------------x


# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT


LAW OFFICES OF THOMAS M. MULLANEY
708 THIRD AVENUE, SUITE 2500
NEW YORK, NEW YORK 10017

Tel.: (212) 223-0800
Fax: (212) 661-9860

Defendants Robert Y. Garrett, IV and Jay F. Luby (collectively "Defendants") submit this Reply Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint of Plaintiff Liddle & Robinson, L.L.P. ("L&R") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and would respectfully request that L&R's Complaint be dismissed as a matter of law.

## ARGUMENT

The merits of L&R's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Mem."), and the merits of their Amended Complaint, are best summarized by L&R's own admission that it beseeches this Court to create a "new legal solution" for fee dispute cases. But no new solution to L&R's self-inflicted wound is necessary. The law governing fee disputes is well settled. When an attorney unilaterally quits a client, it may not later sue for attorneys' fees. In advocating its "new legal solution," L&R attempts to avoid this well-settled legal rule by equivocating whether it might have been fired or, if not, then possibly "constructively" fired. Attorneys, however, cannot be "constructively terminated," and so no New York federal or state court has ever held that an attorney can recover attorneys' fees after he was "constructively terminated." Consequently, L&R fails to plead a cognizable cause of action in its Amended Complaint.

In its quest to recover an undeserved legal fee, L&R ignores numerous well-settled legal propositions. L&R ignores the long-standing New York law that only employees may be constructively terminated, no doubt because that rule precludes L&R's claim. L&R also ignores well-settled law that an attorney who voluntarily withdraws from representing his client may not seek attorneys' fees based on quantum meruit (or any other theory). Finally, L&R confuses the law permitting an attorney to impose a lien on a client's file, which L&R opted not to do, with the law controlling plenary actions seeking quantum meruit.

Most importantly, L&R offers no explanation for why it is so coy about stating what the alleged comments of Defendants were that constituted the "constructive termination." Mr. Liddle was purportedly the recipient of these comments, so he should know what they were. L&R's silence on this issue is telling – the inevitable inference being that no comments were made that would constitute a discharge to anyone's ears but Mr. Liddle's. The refusal to plead those alleged comments is fatal to L&R's claims, as L&R does not claim that it was fired by the Defendants.

L&R's legal arguments similarly fail. Its leading case in opposition to Defendants' motion is a thirty-three (33) year old Civil Court opinion standing for the unremarkable proposition that retainer agreements should generally be enforced as written. Opp. Mem., at 3. Defendants agree. The contract upon which L&R relies (a contract that L&R drafted) states that L&R would be entitled to a percentage of any recovery that it (L&R) obtained. Id., at 2-3. But L&R does not plead that it obtained any recovery for Defendants, and avers that another law firm did, so L&R's own contract defeats its current quest for a contingency fee. Next, L&R's new-found argument that Mr. Liddle was "shocked" to learn of another law firm's participation in the underlying case is demonstrably false. The retainer agreement to which L&R refers explicitly acknowledges that firm's presence and participation, and contemplates L&R's sharing some portion of the contingency fee with that firm. Id. at 3. Retroactively deciding that he did not really want to share with another firm does not justify Mr. Liddle's resignation, and how L&R may assert Mr. Liddle's professed "shock" at learning of this firm's secret activity only six sentences after citing to the contract language that explicitly mentions that other law firm by name is likewise unexplained. See Opp. Mem., at 3.

Lastly, the retainer agreement at issue not only expressly recognizes that L&R would be co-counsel, but it says nothing about what L&R's fees would be in the event of its withdrawal or discharge, contrary to what L&R now asserts. L&R's new claim that the parties had a valid contract defining its

2

fee for its pre-withdrawal services is belied by L&R's own exhibits to the Amended Complaint. Moreover, the cases to which L&R cites, generally the same ones cited by Defendants, deal with an outgoing attorney imposing a lien on the client's file, and then a later dispute with the incoming attorney over the value of its services. In those cases, the Court apportioned the attorneys' claims to the fixed contingency percentage. Here L&R hopes to add its unearned contingency to the fees Defendants long ago paid to the attorneys who did represent them from start to finish. In contrast to the lawyers in the cases it cites, and standard practice in contingency fee cases, L&R imposed no lien on Defendants file and did not turn it over to an incoming law firm. Rather, L&R decided to wait for almost six years after the case was settled by the new lawyers Defendants were forced to hire after L&R quit them. The cases that L&R cites relating to attorney liens are inapposite to L&R's situation.

L&R's actual situation is cut-and-dry. This Court should decline to add new law to a legal standard that has long been settled, and should insist on simple and plain allegations of one set of facts that satisfy that standard. It was L&R that chose to wait six years to file a lawsuit seeking a percentage of a settlement that it did not secure, based on the words of its own contract that precludes L&R's *post facto* contingency fee, after it abandoned the Defendants. L&R simply has no legal right to any attorneys' fees, and it does not properly plead otherwise. Its Complaint should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Robert Y. Garrett, IV and Jay F. Luby respectfully request that the Court grant Defendants' motion in its entirety.

Dated: August 7, 2008
      New York, New York

                              Respectfully submitted,

                              LAW OFFICES OF THOMAS M. MULLANEY

                              By: _____
                                  Thomas M. Mullaney (TM 4274)
                                  Attorney for Defendants
                                  Robert Y. Garrett, IV and Jay F. Luby
                                  708 Third Avenue, Suite 2500
                                  New York, New York 10017
                                  (212) 223-0800
                                  (212) 661-9860 (Facsimile)